UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

NATHANIAL FRANCIS                                    **CV**

                          Plaintiff,

-against-                                            **COMPLAINT**

5660 BROADWAY LLC                                    **JURY TRIAL REQUESTED**

                          Defendant.

-----------------------------------------------------------------x

## COMPLAINT

Plaintiff Nathanial Francis (hereafter referred to as "Plaintiff"), by counsel, The Parker Law Group P.C., as and for the Complaint in this action against Defendant 5660 Broadway LLC ("Defendant"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendant. In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages, nominal damages, and attorney's fees, costs, and expenses to redress Defendant's unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12181 *et seq.* and its implementing regulations; the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"); the New York State Civil Rights Law, § 40 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code"). As explained more fully below, Defendant owns, leases, leases to, operates, and controls a place of public accommodation that violates the above-mentioned laws. Plaintiff also alleges a claim for Negligence and seeks damages for

1

bodily injury proximately caused by the Defendant's Negligence.  Defendant is vicariously liable for the acts and omissions of its employees and agents for the conduct alleged herein.

2.     This Defendant made a financial decision to ignore the explicit legal requirements for making its place of public accommodation accessible to persons with disabilities – all in the hopes that it would never be caught.  In so doing, Defendant made a calculated, but unlawful, decision that customers with disabilities are not worthy.  The day has come for Defendant to accept responsibility.  This action seeks to right that wrong via recompensing Plaintiff and making Defendant's place of public accommodation fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendant provides to non-disabled customers.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant's acts of discrimination alleged herein occurred in this district and Defendant's place of public accommodation that is the subject of this action is in this district.

2

**PARTIES**

5.      Defendant 5660 Broadway LLC owns the property located at 5680 Broadway in Bronx County, New York (hereinafter referred to as "5680 Broadway").

6.      At all relevant times, Defendant 5660 Broadway LLC has and continues to operate a shopping center at 5680 Broadway doing business as Kingsbridge Shopping Center (hereinafter referred to as the "Kingsbridge Shopping Center" premises).

7.      Kingsbridge Shopping Center has multiple retail tenants including Staples and Citibank.

8.      Defendant 5660 Broadway LLC leases property to the commercial retail tenants located inside the Kingsbridge Shopping Center.

9.      Defendant 5660 Broadway LLC provides a single large parking lot for the commercial retail tenants at Kingsbridge Shopping Center.

10.     Defendant 5660 Broadway LLC owns, operates, and maintains the single large parking lot for the commercial retail tenants at Kingsbridge Shopping Center.

11.     Defendant is licensed to and does business in New York State.

12.     At all times relevant to this action, Plaintiff Nathanial Francis has been and remains currently a resident of the Bronx, New York.

13.     At all times relevant to this action, Plaintiff Nathanial Francis has been and remains a wheelchair user.  Plaintiff has medical conditions that inhibit walking and restrict body motion range and movement.

14.     Plaintiff resides about 1.4 miles away from the Kingsbridge Shopping Center on Broadway in the Kingsbridge section of the Bronx.

3

15.     Plaintiff does the majority of his shopping on Broadway in the Kingsbridge section of the Bronx.

16.     Plaintiff usually shops on Broadway about twice a week.

17.     Plaintiff frequently goes to the Citibank and Staples inside the Kingsbridge Shopping Center.

18.     The parking lot inside the Kingsbridge Shopping Center has cracked and uneven designated wheelchair accessible parking spaces and access aisles.

19.     The parking lot inside the Kingsbridge Shopping Center has steep, cracked, and uneven curb ramps leading to and from the wheelchair accessible parking spaces and access aisles.

20.     Defendant has needlessly endangered plaintiff's safety because of the inaccessibility of the parking lot inside the Kingsbridge Shopping Center.

21.     Plaintiff has experienced significant difficulty with the inaccessibility of the parking lot inside the Kingsbridge Shopping Center.

### **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

22.     Defendant is a public accommodation as it owns, leases, leases to, controls or operates a place of public accommodation, the Kingsbridge Shopping Center premises located at 5680 Broadway, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102(9)).

23.     The Kingsbridge Shopping Center premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative

Code § 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

24.    Numerous architectural barriers exist at the Kingsbridge Shopping Center premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

25.    Upon information and belief, at some time after January 1992, alterations were made to the Kingsbridge Shopping Center premises, and to areas of 5680 Broadway related to the Kingsbridge Shopping Center premises.

26.    The services, features, elements and spaces of the Kingsbridge Shopping Center premises are not readily accessible to, or usable by Plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design (hereinafter referred to as the "2010 Standards" or the "2010 ADA").

27.    Because of Defendant's failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the Kingsbridge Shopping Center premises that are open and available to the public.

28.     Defendant's place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, and/or the Building Code of the City of New York ("BCCNY").

29.     Barriers to access that Plaintiff experienced, encountered and/or which deter Plaintiff from patronizing the Kingsbridge Shopping Center premises as well as architectural barriers that exist include, but are not limited to, the following:

I.    Defendant does not provide an accessible route from public transportation stops, accessible parking, public streets or sidewalks to the store entrances that coincides with the general circulation path used by patrons to the public accommodation thereby relegating plaintiff to a "second class citizen" entrance and exit.  See 1991 Standards §§ 4.3.2(1), 4.1.2(1), 4.1.1(1) and 4.14.1; 2010 Standards §§ 206.1, 206.2, 206.3, 206.2.4, 206.4; and BCCNY § 1104.5.

II.   At the inaccessible public entrance from the sidewalk, Defendant does not provide and display the International Symbol of Accessibility with the required information indicating the location of a designated and nearest accessible entrance.  See 1991 Standards §§ 4.1.6(l)(h), 4.1.3(8)(d), 4.30.1, 4.30.7, 4.30.3 and 4.30.6; 2010 Standards §§ 216.6, 703.7.2.1, 703.5; and Administrative Code § 27-292.18.

III.  Defendant does not provide an accessible public entrance from the sidewalk and/or street.  See 28 C.F.R. § 36.304(c); and 1991 Standards §§ 4.1.1(1); 4.1.3(8), 4.32, and 4.14; and 2010 Standards §§ 206.1, 206.2, 206.3, 206.2.4, 206.4; and BCCNY §§ 1101.2, 1104.1, 1103.1.

IV.   Defendant fails to provide an accessible route to the store entrances from the sidewalk and/or street.  See Administrative Code § 27-292.5(b).

V.    Defendant has inaccessible public entrances from the sidewalk and fail to provide and display the International Symbol of Accessibility at a designated accessible entrance location.  See 1991 Standards §§ 4.1.2(7)(c), 4.1.6(l)(h), 4.1.3(8)(d), 4.30.1, 4.30.7, 4.30.3 and 4.30.6; 2010 Standards §§ 216.6, 703.7.2.1, 703.5; and Administrative Code § 27-292.18.

VI.   Defendant fails to provide that there is one accessible route connecting all the public accommodations within the site.  See 1991 Standards §§ 4.3.2, 4.1.2(2), 4.1.3(1); and 2010 Standards §§ 206.1, 206.2, 206.2.2, 206.2.4; and BCCNY § 1101.2, 1104.2.

VII. Defendant fails to provide the minimum required number of accessible parking spaces.  See 1991 Standards §§ 4.1.2(5)(a), 4.6.1; and 2010 Standards §§ 208.1, 208.2, 502; Administrative Code 27-292.19(a); BCCNY § 1106.1.

VIII. Defendant fails to provide designated car accessible parking spaces that are at least 96 inches wide of clear unobstructed space and have an adjacent access aisle that is at least 60 inches wide of clear unobstructed space.  See 1991 Standards §§ 4.6.3, 4.6.2; 2010 Standards §§ 502.2, 502.3, 502.3.1; the Administrative Code § RS 4-6.

IX. Defendant fails to provide car accessible parking spaces that have an adjacent International Symbol of Accessibility sign designating the spaces as accessible parking spaces and mounted at the minimum required height above the ground surface.  See 1991 Standards § 4.1.2(7)(a), 4.30.7, 4.6.4; 2010 Standards §§ 502.6, 216.5, 703.7.2.1, 703.5.6; BCCNY § 1106.6.2.6; and the Administrative Code § 27-292.19(b).

X. Defendant fails to provide the minimum required number of van accessible parking spaces with an adjacent International Symbol of Accessibility sign designating the spaces as van accessible parking spaces and mounted at least 60 inches above the ground surface.  See 1991 Standards § 4.1.2(5)(a), 4.6.1, 4.6.4; and 2010 Standards §§ 208.2.4, 216.5, 502.6, 703.7.2.1; BCCNY § 1106.5.

XI. Defendant fails to provide designated van accessible parking spaces that are at least 96 inches wide and have an adjacent access aisle that is at least 96 inches wide of clear unobstructed space or a 132-inch-wide parking space with an adjacent access aisle of 60 inches of clear unobstructed space.  See 1991 Standards §§ 4.1.2(5)(b), 4.1.2(7)(a), 4.6.3; 2010 Standards §§ 502.2, 502.3, 502.3.1; and the Administrative Code § RS 4-6.

XII. Defendant fails to provide access aisles that are marked with a sign reading "NO PARKING ANYTIME."  See Building Code of New York State § 1106.5; 2010 Standards § 502.3.3.

XIII. Defendant fails to mount signage displaying the International Symbol of Accessibility at the required height at accessible parking spaces. See 1991 Standards § 4.6.4; 2010 Standards § 502.6; and BCCNY ANSI/A117.1 -2003 § 502.7.

XIV. Defendant fails to provide signage containing the designation "Van Accessible." At van accessible parking spaces. See 1991 Standards § 4.7.2; 2010 Standards § 406.2; and BCCNY ANSI/A117.1 -2003 § 502.7.

XV. Defendant fails to provide that the surface of the parking spaces and access aisles are stable, firm, without cracks, and slip resistant.  See 1991 Standards §§ 4.5, 4.7.4; and 2010 Standards §§ 302.1, 502.4.

XVI.   Defendant fails to provide designated accessible parking spaces and access aisles that have slopes no greater than 2% in any direction thereby exposing plaintiff to severe injury from rolling into vehicular traffic.  See 1991 Standards § 4.6.3; and 2010 Standards §§ 502.4, 302.

XVII.   Defendant fails to provide access aisles that run the entire length of the parking space without obstructions and/or changes in level.  See 2010 Standards § 502.3.2.

XVIII.   Defendant fails to provide accessible parking spaces with access aisles that are marked to discourage parking in them.  See 1991 Standards § 4.6.3; 2010 Standards § 502.3.3; and BCCNY ANSI/A117.1 -2003 § 502.4.4.

XIX.   Defendant fails to provide an accessible route from the access aisles to the sidewalk thereby forcing plaintiff to navigate through dangerous vehicular traffic. See 1991 Standards § 4.7; and 2010 Standards §§ 406, 405.

XX.   Defendant fails to provide an accessible route to and from accessible parking spaces that is not obstructed by parked vehicles.  See 2010 Standards § 502.7; and BCCNY ANSI/A117.1 -2003 § 502.8.

XXI.   Defendant fails to provide curb ramps that are not built up inside the access aisles and/or that do not project into vehicular traffic.  See 1991 Standards § 4.7.6; and 2010 Standards § 406.5.

XXII.   Defendant fails to provide that a parked vehicle cannot block a portion of the curb ramps.  See 1991 Standards § 4.7.8; and 2010 Standards § 406.5.

XXIII.   Defendant fails to provide that the surfaces of the curb ramps are stable, firm, without cracks, and slip resistant.  See 1991 Standards §§ 4.5, 4.7.4; and 2010 Standards §§ 302.1, 502.4.

XXIV.   Defendant fails to provide that the slopes of the curb ramps onto the sidewalk are no greater than 8.33%.  See 1991 Standards §§ 4.7.2, 4.8.2; and 2010 Standards §§ 405.2, 406.2.

XXV.   Defendant fails to provide that the adjacent surfaces at the transitions to the curb ramp to walks, gutters and streets are at the same level.  See 1991 Standards §§ 4.7.2, 4.8.2; and 2010 Standards §§ 405.2, 406.2.

XXVI.   Defendant fails to provide that the slopes of the flared sides of the curb ramps are no greater than 10%.  See 1991 Standards § 4.7.5; and 2010 Standards § 406.3.

XXVII.  Defendant fails to provide that the curb ramps have the minimum required clear width of 36 inches exclusive of the flared sides.  See 1991 Standards § 4.7.3; and 2010 Standards § 406.4.

XXVIII.  Defendant fails to provide that the tops of the curb ramps project into a level landing of at least 36 inches in depth and equal width to the curb ramps.  See 1991 Standards § 4.7.5; and 2010 Standards § 406.4.

XXIX.  Defendant fails to provide that the curb ramps are entirely inside the marked street crossing area for pedestrian travel.  See 1991 Standards § 4.7.9; and 2010 Standards § 406.7.

30.    Upon information and belief, a full inspection of the Kingsbridge Shopping Center premises will reveal the existence of other barriers to access.

31.    As required by the ADA (remedial civil rights legislation) to properly remedy Defendant's discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the Kingsbridge Shopping Center premises to catalogue and cure all the areas of non-compliance with the ADA.  Notice is therefore given that Plaintiff intends to amend the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

32.    Defendant has denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

33.    Defendant has not complied with its statutory obligation to ensure that its policies, practices, and procedures for persons with disabilities are compliant with the laws.  Nor have Defendant made or provided accommodations or modifications for persons with disabilities.

34.    Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendant's non-compliance with the laws prohibiting disability discrimination.

9

The barriers to access within the Kingsbridge Shopping Center premises continue to exist and deter Plaintiff.

35.    Plaintiff intends to patronize the Kingsbridge Shopping Center premises several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

36.    Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

37.    Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility and has restricted use of arms and hands.

38.    The "General Rule" of the ADA is that: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

39.    Defendant violates the ADA at 42 U.S.C. § 12182(a) by denying Plaintiff the full and equal enjoyment of the services, facilities, privileges, advantages, or accommodations of its public accommodation.

40.    The ADA at 42 U.S.C. § 12182(b)(1)(A)(i) states that: "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or

10

other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity."

41. Defendant violates the ADA at 42 U.S.C. § 12182(b)(1)(A)(i) by denying Plaintiff, because of his disability, the opportunity to participate in and benefit from the services, facilities, privileges, advantages, or accommodations offered by the Defendant.

42. The ADA at 42 U.S.C. § 12182(b)(1)(B) states that "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual."

43. Defendant violates the ADA at 42 U.S.C. § 12182(b)(1)(B) by failing to afford the disabled Plaintiff with its services, facilities, privileges, advantages, and accommodations in a setting that is integrated with non-disabled persons.

44. Defendant fails to take measures to integrate people with disabilities and instead outright exclude people with disabilities like Plaintiff.

45. The ADA at 42 U.S.C. § 12182(b)(2)(A)(ii) defines discrimination as "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations."

46. Defendant violates the ADA at 42 U.S.C. § 12182(b)(2)(A)(ii) by failing to make reasonable modifications in its policies, practices, or procedures that would

11

result in the disabled Plaintiff being able to enjoy its services, facilities, privileges, advantages, or accommodations.

47.    The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. § 36.201(b).

48.    Defendant violates the ADA at 42 U.S.C. § 12182(b)(2)(A)(iii) by failing to take all the necessary measures to "ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals."

49.    Defendant violates the ADA at 42 U.S.C. § 12182(b)(2)(A)(iii) by failing to take steps necessary to ensure that no individual with a disability is excluded, denied services, and/or segregated.

50.    Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can it escape liability by transferring its obligations to the other by contract (i.e., lease agreement).  28 C.F.R. § 36.201(b).

51.    Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use its place of public accommodation all because Plaintiff is a person with a disability.  Defendant's policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

52.    By failing to comply with the law in effect for decades, Defendant has articulated to people with disabilities such as the Plaintiff that he is not welcome, objectionable, and not desired as patrons of its public accommodation.

53.    Defendant has discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily

accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. § 12183(a)(1).

54.    The Kingsbridge Shopping Center premises are not fully accessible and fail to provide an integrated and equal setting for people with disabilities, in violation of 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203.

55.    Defendant failed to make alterations accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. § 12183(a)(2).

56.    The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

57.    Defendant failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make Defendant's place of public accommodation fully accessible.

58.    By failing to remove the barriers to access where it is readily achievable to do so, Defendant has discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

59.    In the alternative, Defendant has violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

13

60.     Defendant's failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R § 36.101 *et seq.*

61.     Defendant has and continues to discriminate against Plaintiff in violation of the ADA by failing to maintain and/or create a wheelchair accessible public accommodation.

**SECOND CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)**

62.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

63.     Plaintiff has various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore has a disability within the meaning of the Executive Law § 292(21).

64.     In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed".  See Executive Law § 300 [effective date: August 12, 2019].

65.     By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

14

66.    Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use its place of public accommodation all because Plaintiff is a person with a disability.

67.    Defendant discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation.  Each of the Defendant has aided and abetted others in committing disability discrimination.

68.    Defendant has failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

69.    In the alternative, Defendant has failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(iv)).

70.    It would be readily achievable to make Defendant's place of public accommodation fully accessible.

71.    It would not impose an undue hardship or undue burden on Defendant to make its place of public accommodation fully accessible.

72.    As a direct and proximate result of Defendant's unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including, but not limited to, humiliation, embarrassment, stress, and anxiety.

73.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)**

74.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

75.     Plaintiff has various medical conditions that separately and together impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range - and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102(16)).

76.     Defendant has and continues to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of its place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).  Defendant has aided and abetted others in committing disability discrimination.

77.     Defendant has and continues to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

78.     Defendant has discriminated and continues to discriminate against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating, and/or maintaining an inaccessible commercial facility/space.

79.     Defendant has subjected, and continues to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of its commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

16

80.     Defendant's policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107(4)).

81.     In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendant has and continues to, aid and abet, incite, compel, or coerce each other in each of the other Defendant's attempts to, and in its acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of its commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

82.     Defendant's conduct also violates the NYCHRL, Administrative Code § 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

83.     Because Defendant's public accommodation is not readily accessible and usable by people with disabilities, Defendant has demonstrated a policy or practice that has a disproportionately negative impact on people with disabilities (including Plaintiff).

84.     Defendant's conduct constitutes an ongoing and continuous violation of the NYCHRL.  Unless Defendant is enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law.  Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendant's public accommodation.

17

85.     As a direct and proximate result of Defendant's unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including, but not limited to, humiliation, stress, and embarrassment.

86.     Upon information and belief, Defendant's long-standing refusal to make its place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

87.     By failing to comply with the law in effect for decades, Defendant has articulated to people with disabilities such as the Plaintiff that he is not welcome, objectionable, and not desired as patrons of its public accommodation.

88.     Defendant engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

89.     By refusing to make its place of public accommodation accessible, Defendant has unlawfully profited from its discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that it should have lawfully expended to pay for a fully compliant and accessible space.  Defendant's unlawful profits plus interest must be disgorged.

90.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

91.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

18

92.     Defendant discriminated against Plaintiff pursuant to New York State Executive Law.

93.     Consequently, Defendant denied Plaintiff the full and equal accommodations, advantages, facilities, and privileges of a place of public accommodation because of disability, in violation of N.Y. Civ. Rights Law § 40.

94.     Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each violation.  Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

**FIFTH CAUSE OF ACTION**
**(COMMON LAW NEGLIGENCE)**

95.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

96.     Defendant negligently designed, constructed, operated, repaired, and maintained its place of public accommodation located at 5680 Broadway in a manner that has rendered its place of public accommodation unsafe to the disabled Plaintiff.

97.      At all relevant times, Defendant, who hold its property open to the public, have had a duty to patrons such as Plaintiff to design, construct, operate, repair, and maintain its place of public accommodation located at 5680 Broadway in a reasonably safe condition.

98.     Defendant breached its duty by negligently designing, constructing, operating, repairing, and maintaining its place of public accommodation located at 5680 Broadway in a manner that has unreasonably endangered the Plaintiff's physical safety and caused bodily injury to Plaintiff.

19

99.     Defendant's failure to design, construct, operate, repair, and maintain its place of public accommodation located at 5680 Broadway in a manner that is safe to the disabled Plaintiff has proximately caused Plaintiff to suffer bodily injury.

100.    Defendant has had actual and constructive notice that its place of public accommodation located at 5680 Broadway is not safe for people with disabilities.

101.    As a direct result of Defendant's negligence, Plaintiff has suffered and continues to suffer a bodily injury in an amount to be determined at trial.

### INJUNCTIVE RELIEF

102.    Plaintiff will continue to experience unlawful discrimination because of Defendant's failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Defendant to alter and modify its place of public accommodation and its operations, policies, practices, and procedures.

103.    Injunctive relief is also necessary to make Defendant's facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

104.    Injunctive relief is further necessary to order Defendant to provide auxiliary aids or services, modification of its policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

### JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendant in favor of Plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that Defendant has violated the ADA and its implementing regulations, NYSHRL and NYCHRL and declaring the rights of Plaintiff as to Defendant's place of public accommodation, and Defendant's policies, practices, and procedures;

B.  Issue a permanent injunction ordering **Defendant to close and cease all business** until Defendant remove all violations of the ADA, the 1991 Standards or the 2010 Standards, NYSHRL and NYCHRL, including, but not limited to, the violations set forth above;

C.  Issue a permanent injunction ordering Defendant to modify its policies, practices, procedures and/or conduct in compliance with the ADA, NYSHRL and NYCHRL so that Plaintiff is not excluded from and can have the full and equal enjoyment of the services, facilities, privileges, advantages, and/or accommodations offered by the Defendant;

D.  Retain jurisdiction over the Defendant until the Court is satisfied that the Defendant's unlawful practices, acts and omissions no longer exist and will not recur;

E.  Award Plaintiff compensatory damages and nominal damages because of Defendant's violations of the NYSHRL and the NYCHRL;

F.  Award Plaintiff punitive damages to punish and deter the Defendant for its violations of the NYCHRL;

G.  Award Plaintiff the monetary penalties for each violation of the law pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

H.  Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYCHRL, and the ADA; and

I.    For such other and further relief, at law or in equity, to which Plaintiff

may be justly entitled.

Dated: July 1, 2026
      New York, New York

                    Respectfully submitted,

                    **THE PARKER LAW GROUP P.C.**

By:_____
                    Glen H. Parker, Esq.
                    Attorneys for Plaintiff
                    28 Valley Road, Suite 1
                    Montclair, New Jersey 07042
                    Telephone: (347) 292-9042
                    Email: ghp@parkerlawusa.com